**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-80076-CR-CANNON**

**UNITED STATES OF AMERICA**,

v.

**ALFRED DAVIS,**
**CHER DAVIS,** and
**LATOYA CLARK,**

　　　Defendants.

_____/

## <u>COURT'S FINAL JURY INSTRUCTIONS</u>

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions, you will go to the jury room and begin your discussions—what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

### The Duty to Follow Instructions and the Presumption of Innocence

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant is not evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his or her innocence or produce any evidence at all. The Defendant does not have to testify, and you cannot consider in any way the fact that a Defendant did not testify. But since Defendant Clark did testify, you should decide whether you believe Defendant Clark's testimony in the same way as that of any other witness.

The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it does not have to prove a Defendant's guilt beyond all <u>possible</u> doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted.  But anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There is no legal difference in the weight you may give to either direct or circumstantial evidence.

**Credibility of Witnesses**

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**Testimony of Accomplice, Witness Using Addictive Drugs, or Witness with Immunity**

You must consider some witnesses' testimony with more caution than others.

For example, a witness may testify about events that occurred during a time when the witness was using addictive drugs, and so the witness may have an impaired memory of those events. And a witness who has been promised immunity from prosecution or witnesses who hope to gain more favorable treatment in his or her own case may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses

**Introduction to Offense Instructions**

The indictment charges separate crimes, called "counts," against the Defendants.  Each count has a number.  You will be given a copy of the indictment to refer to during your deliberations.

Count 1 charges that the Defendants knowingly and willfully conspired to commit wire fraud.

Count 2 charges that the Defendants knowingly and willfully conspired to commit money laundering.

Counts 3 through 56 charge that the Defendants committed what are called "substantive offenses," specifically wire fraud and money laundering.

But first note that the Defendants are not charged in Count 1 and Count 2 with committing a substantive offense—they are charged with <u>conspiring</u> to commit that offense.

I will also give you specific instructions on conspiracy.

**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and." If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**Wire Fraud**
**18 U.S.C. § 1343**

It is a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

The Defendant can be found guilty of this crime only if all the following facts are proven beyond a reasonable doubt:

1. the Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

2. the false pretenses, representations, or promises were about a material fact;

3. the Defendant acted with the intent to defraud; and

4. the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It does not matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury. Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also does not have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it does not have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

**Money Laundering Conspiracy**
**18 U.S.C. § 1956(h)**

It is a Federal crime to conspire to engage in money laundering or transactions involving the proceeds of specified unlawful activity that violates Title 18, United States Code, Section 1956 or 1957.

The elements of a violation of Title 18, United States Code, Section 1956 are as follows:

1. the Defendant knowingly conducted or tried to conduct financial transactions;

2. the Defendant knew that the money or property involved in the transaction were the proceeds of some kind of unlawful activity;

3. money or property did come from a specified unlawful activity, specifically wire fraud; and

4. the Defendant knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or the control of the proceeds.

The elements of a violation of Title 18, United States Code, Section 1957 are as follows:

1. the Defendant knowingly engaged or attempted to engage in a monetary transaction;

2. the Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

3. the property had a value of more than $10,000;

4. the property was in fact proceeds of unlawful activity, specifically wire fraud; and

5. the transaction took place in the United States.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

11

The Government does not have to prove that all the people named in the indictment were members of the plan or that those who were members made any kind of formal agreement.  The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

    (1) two or more people agreed to try to accomplish a common and unlawful plan to violate [18 U.S.C. Section 1956 or 1957]; and

    (2) the Defendant knew about the plan's unlawful purpose and voluntarily joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan—and voluntarily joined in the plan on at least one occasion—that is sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy.  Also, a person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

## Conspiracy to Commit Wire Fraud
## 18 U.S.C. § 1349

It is a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of wire fraud.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act.  In other words, it is a kind of partnership for criminal purposes.  Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.  The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

1.  two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit wire fraud, as charged in the indictment; and

2.  the Defendant knew the unlawful purpose of the plan and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities all of the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan—and willfully joined in the plan on at least one occasion—that is sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy.  Also, a person

who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

**Money Laundering: Concealing Proceeds of Specified Unlawful Activity**

It is a Federal crime to knowingly engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1. the Defendant knowingly conducted or tried to conduct financial transactions;

2. the Defendant knew that the money or property involved in the transaction were the proceeds of some kind of unlawful activity;

3. money or property did come from a specified unlawful activity, specifically wire fraud; and

4. the Defendant knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or the control of the proceeds.

To "conduct a transaction" means to start or finish a transaction, or to participate in a transaction at any point.

A "transaction" means a purchase, sale, loan, promise, gift, transfer, delivery, or other disposition of money or property.

A "financial transaction" means—

a transaction that in any way or to any degree affects interstate or foreign commerce by sending or moving money by wire or other means.

or

a transaction that in any way or to any degree affects interstate or foreign commerce by involving one or more "monetary instruments." The phrase "monetary instruments" includes coins or currency of any country, travelers or personal checks, bank checks or money orders, or

investment securities or negotiable instruments in a form that allows ownership to transfer on delivery.

"Interstate or foreign commerce" means trade and other business activity between people or businesses in at least two states or between people or businesses in the United States and people or businesses outside the United States.

To know "that the money or property involved in the transaction came from some kind of unlawful activity" is to know that the money or property came from an activity that is a felony under state, Federal, or foreign law.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

The phrase "specified unlawful activity" means wire fraud.

**Money Laundering**
**18 U.S.C. § 1957**

It is a Federal crime for anyone to engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found guilty of this offense only if all the following are proved beyond a reasonable doubt;

1. the Defendant knowingly engaged or attempted to engage in a monetary transaction;

2. the Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

3. the property had a value of more than $10,000;

4. the property was in fact proceeds of wire fraud; and

5. the transaction took place in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange of funds or a monetary instrument by, through, or to a financial institution in a way that affects interstate commerce.

A "financial institution" means an insured bank or any credit union.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

It does not matter whether the Defendant knew the precise nature of the crime or that the property came from committing unlawful activity alleged in indictment.  But the Government must prove that the Defendant knew that the property involved in the monetary transaction was obtained or derived from committing some crime.

Also, it does not matter whether all the property involved was derived from a crime.  The Government only has to prove that $10,000 worth of the property was obtained or derived from committing a crime.

**Multiple Conspiracies**
**18 U.S.C. § 371**

Proof of several separate conspiracies is not proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies proved <u>is</u> the single overall conspiracy.

You must decide whether the single overall conspiracy charged existed between two or more conspirators.  If not, then you must find the Defendants not guilty of that charge.

But if you decide that a single overall conspiracy did exist, then you must decide who the conspirators were.  And if you decide that a particular Defendant was a member of some other conspiracy—not the one charged—then you must find that Defendant not guilty.

So to find a Defendant guilty, you must all agree that the Defendant was a member of the conspiracy charged—not a member of some other separate conspiracy.

### *Pinkerton* Instruction: Wire Fraud Conspiracy

During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a coconspirator may be guilty of the crime even though the coconspirator did not participate directly in the crime.

So, regarding counts 3 through 20, and Defendants Alfred Davis, Cher Davis, and Latoya Clark, if you have first found any of those Defendants guilty of the crime of conspiracy as charged in Count 1, you may also find that Defendant guilty of any of the crimes charged in Counts 3 through 20 even though the Defendant did not personally participate in the crime. To do so, you must find beyond a reasonable doubt:

(1) during the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose;

(2) the Defendant was a knowing and willful member of the conspiracy when the crime was committed; and

(3) it was reasonably foreseeable that a coconspirator would commit the crime as a consequence of the conspiracy.

### *Pinkerton* Instruction: Money Laundering Conspiracy

During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a coconspirator may be guilty of the crime even though the coconspirator did not participate directly in the crime.

So, regarding counts 21 through 56, and Defendants Alfred Davis, Cher Davis, and Latoya Clark, if you have first found any of those Defendants guilty of the crime of conspiracy as charged in Count 2, you may also find that Defendant guilty of any of the crimes charged in Counts 21 through 56, even though the Defendant did not personally participate in the crime.  To do so, you must find beyond a reasonable doubt:

(1) during the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose;

(2) the Defendant was a knowing and willful member of the conspiracy when the crime was committed; and

(3) it was reasonably foreseeable that a coconspirator would commit the crime as a consequence of the conspiracy.

### Knowingly; Willfully – General

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his or her conduct may be violating.

**On or About a Particular Date**

You will see that the indictment charges that a crime was committed "on or about" a certain date.  The Government does not have to prove that the offense occurred on an exact date.  The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

**Deliberate Ignorance as Proof of Knowledge**

If a Defendant's knowledge of a fact is an essential part of a crime, it is enough that the Defendant was aware of a high probability that the fact existed—unless the Defendant actually believed the fact did not exist.

"Deliberate avoidance of positive knowledge"—which is the equivalent of knowledge—occurs, for example, if a defendant possesses a package and believes it contains a controlled substance but deliberately avoids learning that it contains the controlled substance so he or she can deny knowledge of the package's contents.

So you may find that a defendant knew about the possession of a controlled substance if you determine beyond a reasonable doubt that the defendant actually knew about the controlled substance, or had every reason to know but deliberately closed his or her eyes.

But I must emphasize that negligence, carelessness, or foolishness is not enough to prove that the Defendant had knowledge of the pertinent fact.

**Wire Fraud: No Defense of Victim Negligence**

It is not a defense to the crime of wire fraud that the loan processors or lenders could have done something more than they did to prevent the offense.  In other words, if you find that the Government has proven all the elements of wire fraud beyond a reasonable doubt, it is no defense that such fraud might not have occurred if the loan processors or lenders had better internal controls or had acted with greater care.

Therefore, any evidence that those companies could have done something to prevent any fraud which you find occurred, or evidence that their procedures were somehow deficient, should not be considered by you as an excuse or defense to any wire fraud which you find has been proven beyond a reasonable doubt.

A defendant can be convicted of wire fraud even if his or her targeted victim never encountered the deception, or if the targeted victim encountered it, but was not deceived.

**Good Faith**

The good-faith of a defendant is a complete defense to the crimes charged in the Indictment since good-faith on the part of the Defendant is inconsistent with willfulness and the intent to defraud, and willfulness and the intent to defraud are essential elements of the charges in the Indictment.

A person who acts, or causes another to act, on an honestly held belief or opinion is not punishable under the statutes alleged to have been violated in the Indictment merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error in management does not rise to the level of willfulness or an intent to defraud.

If the Defendant acted in good faith, then the Defendant did not intentionally violate a known legal duty—that is, the Defendant did not act "willfully" or with the "intent to defraud." The burden of proof is not on the Defendant to prove good-faith intent because the Defendant does not need to prove anything.

The Government must establish beyond a reasonable doubt that the Defendant acted willfully and with the intent to defraud as charged. "Intent" refers to the state of mind with which the act is done.

**Absence of Co-Defendants**

You have seen that not all of the individuals named in the indictment are on trial before you.  You must not speculate about the reasons for anyone's absence or draw any inference of guilt, innocence, or anything else from the fact that certain persons are not on trial.

**Theory Of Defense Instruction: Alfred Davis**

Alfred Davis' theory of defense is that the Government has failed to prove beyond a reasonable doubt that Alfred Davis had the required intent to defraud or willfulness to commit any of the offenses charged in the Indictment.  The evidence presented at trial must be viewed through the lens of Alfred Davis' good faith in conducting his affairs in this case.

Although Alfred Davis' actions might be retrospectively questioned or even second guessed, none of Alfred Davis' actions were accompanied by an intent to defraud or willfulness when actually performed.

**Theory of Defense Instruction: Latoya Clark**

The defense in this case is that Latoya Clark did not knowingly or intentionally participate in any fraudulent PPP scheme.  Ms. Clark contends that she lacked the knowledge, experience, and intent required to commit the crimes charged, and that she never agreed to join any criminal plan.

If Ms. Clark did not know that the loan applications, bank transactions, or checks were being used for a fraudulent purpose, and did not intend to join or further any unlawful plan, then she cannot be guilty of conspiracy to commit wire fraud or money laundering, even if she unknowingly performed acts that the government now claims were part of a scheme.

**Theory of Defense Instruction: Cher Davis**

The defense in this case is that Cher Davis did not knowingly or intentionally participate in any fraudulent PPP loan scheme.  Ms. Davis contends that she lacked the knowledge and intent required to commit the crimes charged, and that she never agreed to join any criminal conspiracy for any reason.  Cher Davis is not guilty of the crimes charged against her in the Indictment.

**Caution: Punishment**

Each count of the indictment charges a separate crime against one or more of the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial only for the specific crimes charged in the indictment. You are here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty or not guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

**Verdict**

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and will speak for you in court.

Verdict forms have been prepared for your convenience.

[Explain verdict]

Take the verdict forms with you to the jury room.  When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.  Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.  The marshal will bring it to me, and I will respond as promptly as possible—either in writing or by talking to you in the courtroom.  But I caution you not to tell me how many jurors have voted one way or the other at that time.

32

**Note-taking**

You have been permitted to take notes during the trial.  Most of you—perhaps all of you—have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

### Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous—in other words, you must all agree.  Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement.  While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.